**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CITADEL RECOVERY SERVICES, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO:    22-914** |
| **T.J. SUTTON ENTERPRISES, LLC et al** | **SECTION: "G" (4)** |

**REPORT AND RECOMMENDATION**

Before the Court is a **Motion for Disbursal of Funds (R. Doc. 160)** which was referred to the undersigned for further proceedings regarding, the scope, validity, and enforcement of the parties' settlement agreement. The undersigned Magistrate Judge conducted an additional settlement conference on January 14, 2026, and submits this report and recommendation concerning the proper disposition of the remaining funds.

## I.    Background

AECOM, a prime contractor, entered into a contract as part of the Emergency Home Repair Virgin Islands Program after hurricanes Irma and Maria damaged the Islands in 2017. R. Doc. 1 at 4. The program was a recovery program funded by the Federal Emergency Management Agency (FEMA). *Id.* C.R.S.C., LLC, formerly known as Citadel Recovery Services, LLC ("Citadel"), is a subprime contractor who agreed to assist the prime contractor with the recovery efforts on a "pay when paid" basis. *Id.* In April of 2022, Citadel instituted this statutory interpleader action against Gerald Toliver, Morgado Rentals[1], Inc, Smart Freight Funding LLC,[2] T.J. Sutton Enterprises, LLC, and Travelers Casualty and Surety Company.  *Id.* at 1-2.

---

[1] R. Doc 17 - IT IS FURTHER ORDERED that the Call Docket is UNSATISFIED as to Sutton Enterprises, LLC, Gerald Toliver, Morgado Rentals, Inc., Smart Freight Funding, LLC and Blue Water Staffing Company. IT IS FURTHER ORDERED that on or before 8/9/2022, plaintiff shall file into the record the returns of service of process that have been affected on defendants. Failure to do so will result in the DISMISSAL of the unserved defendants without further notice. Signed by Judge Ivan L.R. Lemelle on 7/26/2022.

[2] R. Doc. 46 - ORDER granting Motion to Dismiss Party. IT IS HEREBY ORDERED that all claims against Defendant Smart Freight Funding, LLC in the above captioned matter are DISMISSED WITH PREJUDICE, with each party to bear their own costs. Signed by Chief Judge Nannette Jolivette Brown on April 13, 2023.

While Citadel named several entities as Defendants in this interpleader action, initially only two of those named Defendants answered and appeared: T.J. Sutton Enterprises, LLC ("Sutton") and Travelers Casualty and Surety Company ("Travelers"). R. Doc. 8; R. Doc. 43. Thereafter, two more Defendants came forward, Gerald Toliver d/b/a Blue Water Staffing Company ("Toliver") and Jerry Baptiste ("Baptiste"). R. Doc. 65; R. Doc. 99. According to the record, Morgado Rentals was never served nor dismissed as a Defendant.

Citadel placed the total sum of $1,751,430.53 into the registry of this Court.[3] R. Doc. 160-1 at 1. While the Court ordered Citadel to place this amount into the registry of the court, Citadel contends the total contract with Sutton was worth $1,371,188.88. *Id.* Citadel contends that because the total approved by FEMA was less than the amount placed in the registry of the Court, that it could only owe the $1,371,188.88 pursuant to the contract. *Id.*

Following a private mediation, Citadel, Sutton, and Travelers reached a partial settlement to resolve their competing claims to The Interpled Funds, along with all other claims against each other. These parties later confirmed their settlement on the record before Magistrate Judge Roby. R. Doc. 69.

On October 17, 2023, Sutton and Citadel filed a joint motion for interpleader disbursement wherein they stated that they had compromised their claims against each other. R. Doc. 85. On November 8, 2023, this Court entered an Order granting the motion. R. Doc. 89. The amount of $833,504.33 was disbursed to Sutton, and the $500,000 bond was returned to Travelers. *Id.* at 2. The remaining $417,926.20 is in the registry of the court. *Id.* at 1.

---

[3] This total sum is inclusive of (a) funds received by Citadel from AECOM totaling $833,504.33; (b) a cash deposit from Citadel of $417,926.20; and (c) a bond provided by Travelers in the amount of $500,000.00. (Collectively these funds are referred to hereafter as "The Interpled Funds").

After the settlement was agreed to, the Court allowed Baptiste and Toliver to intervene. Citadel filed a second motion for Partial Disbursement of funds seeking to withdraw the $271, 888.88. R. Doc. 115. Citadel claimed the remaining balance of the Interpled Funds, totaling $271,188.88, was to be released and paid to the trust account of Citadel's counsel, Robert J. Ellis for the *Cotto*[4] settlement. *Id.* Citadel also claimed the funds were to be held and used in accordance with the Receipt, Release, Settlement, and Indemnity Agreement with Reservation of Rights executed by Citadel, Sutton, and Travelers. *Id.*

Toliver and Baptiste, but not Sutton, opposed the request contending that Citadel was not entitled to the funds remaining in the registry of the Court. R. Doc. 116; R. Doc. 117.  On June 5, 2025, a settlement agreement was reached as to Jerry Baptiste in the amount of $15,000.00, which was disbursed from the registry by order of the District Judge. R. Doc. 142; R. Doc. 144. On August 2, 2025, T.J. Sutton and Toliver reached a settlement agreement in the amount of $67,500.00, which was later disbursed on September 15, 2025, by order of the District Judge. R. Doc. 166.

Citadel filed the present Motion for Disbursal of Funds again seeking the disbursement of $271,188.88 to be placed in its counsel's Robert J. Ellis trust account. R. Doc. 160-1 at 5. Citadel also contends beyond the settlement agreement that Sutton owes it a credit for both the Baptiste and Toliver settlements because Sutton owed Citadel defense and Indemnity $82,500.00. *Id.* at 4. Further, Citadel contends that Sutton's breach of the settlement agreement entitles Citadel additional attorney's fees incurred in the *Cotto* matter, which total at least the *Cotto* settlement of $148,626.00 per agreement or at most 178,825.00 for breach following the October 17, 2023,

---

[4] The Cotto settlement refers to a separate action that took place in the United States Virgin Islands – *Cotto et al. v. TJ Sutton Enterprises LLC et al.*, No. 3:21-cv-00016, Division of St. Thomas and St. John. R. Doc. 115-1 at 3. On February 13, 2024, Citadel claim the matter went to mediation and resulted in a confidential settlement. *Id.*

agreement. *Id.* However, rather than praying for the fees allegedly incurred, Citadel seeks $64,237.32 in addition to the $271,188.88 amount previously agreed to in the October 17, 2023, settlement agreement. *Id.* at 5. This motion was referred to the undersigned for a report and recommendation. *Id.* at 167.

Sutton opposes Citadel's motion. R. Doc. 161. Sutton notes that while it settled the claim filed by Toliver on the eve of trial, Citadel now files the subject motion seeking a disbursement it never raised before trial. *Id.* at 1. Sutton particularly contends that Citadel did not participate and raise the issues regarding the entitlement to the funds in the registry of the Court. *Id.* Sutton maintains that the claims that Citadel now raises should be deemed waived and that the remaining funds should be distributed to Sutton. *Id.* at 2. Sutton therefore contends that the subject motion should be denied. *Id.* at 3.

## II.    Standard of Review

Where the substantive rights and liabilities of the parties derive from state law, state law governs the enforcement of the settlement agreement. *See Rice v. Hanover Ins. Co.*, No. CIV.A.07-6245, 2009 WL 1564811, at *1 (E.D. La. June 1, 2009) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007)); *see also Lege v. Wal-Mart Louisiana LLC*, No. CIV.A. 07-01694, 2009 WL 5195949, at *3 (W.D. La. Dec. 30, 2009). Here, the substantive rights and liabilities arise from the laws of Louisiana, and Louisiana Civil Code Article 3071 ("La. C.C. art. 3071") will govern the enforcement of the settlement agreement. *Rice*, 2009 WL 1564811, at *1.

An agreement is enforceable under La. C.C. art. 3071 if "1) it has been reduced to writing; *or* 2) it has been recited in open court and is capable of being transcribed from the record of the proceedings." *Id.* (emphasis in original). Thus, a settlement on the record is "unquestionably sufficient to meet the writing requirement set forth in Article 3071." *Id.* Furthermore, "recital of

4

such agreements in open court must make full disclosure of the terms so that all parties concerned are fully advised and informed of their rights and obligations." *Kearns & Associates Co. v. Carter*, No. CIV.A. 10-439-SCR, 2014 WL 200425, at *1 (M.D. La. Jan. 17, 2014) (citing *Troxclair v. St. Charles Parish*, 450 So.2d 759, 761 (La. App. 5 Cir. 1984)). The settlement agreement shall be valid "only if there is a meeting of the minds between the parties as to exactly what they intended when the compromise was reached." *Abadie v. Metro. Life Ins. Co.*, 712 So. 2d 932, 934 (La. App. 5 Cir. 1998).

### III.    Analysis

Now, Citadel complains that Sutton breached the settlement agreement because it refused to honor its commitment to allow the $271,188.88 to be released to Citadel's counsel's trust account or alternatively by not contributing its share of the settlement. R. Doc.160-1 at 4. Citadel also complains that Sutton's breach of the settlement agreement entitles it to recover additional attorney's fees incurred in the Cotto matter totaling $148,626.00 or at most $178,825.00 for breach following the October 17, 2023, agreement. *Id.* However, rather than praying for the fees allegedly incurred, Citadel seeks $64,237.32 in addition to the $271,188.88 amount previously agreed to in the October 17, 2023, settlement agreement. *Id.* at 5.

Sutton opposes the motion and complains that Citadel filed the subject motion seeking entitlement to funds that it never raised before trial which should be denied. R. Doc. 161 at 1. According to Sutton, the only issues that remained in the case per the Pretrial Order were the issues between it and Toliver. *Id.*

Sutton contends that Citadel now wants a hearing and trial on the issue of how the funds that remain in the registry of the court should be disbursed. R. Doc. 161 at 2. Sutton also points out that Citadel has not filed a motion to reopen the case because it never participated in the

5

settlement between the parties. *Id.* Sutton maintains that the remaining balance in the registry should be released to Sutton, which totals $183,995.67. *Id.*  Finally, Sutton contends that Citadel's counsel admitted that the funds due to Sutton were in the registry of the court and references a demand letter identified as Exhibit B. *Id.*; R. Doc. 161-2 at 1. The Pretrial Order also indicates that TJ Sutton also anticipates filing a Motion to Disburse Funds and Release Bond pursuant to the settlement between TJ Sutton, Citadel, and Travelers. R. Doc. 79 at 3.

In reviewing the parties' positions, it seems that they are both in error.  First while Citadel complains that Sutton breached the agreement because it neither paid nor released the $271,888.88 to Citadel's counsel to allow for the satisfaction of the amount owed in the *Cotto* matter, there is no evidence to support this argument.  The agreement does suggest that they agreed that the funds would go to Citadel's counsel's trust account, but it failed to indicate that it required some action by Sutton to facilitate the transfer.

Instead, as written, the agreement seems almost self-executing with the approval of the District Judge, of course. However, Citadel never submitted a motion to the district judge to that affect.  For example, the first motion for disbursement to Citadel which was signed by the district judge, and which was jointly submitted by Citadel and Sutton, did not include the funds that were to be placed in Citadel counsel's trust fund.[5] *See* R. Doc. 85. The subsequently submitted motions to disburse including the subject motion did not request compliance with the provision. Therefore, in the undersigned's opinion, Sutton did not breach the settlement agreement. It is recommended that the Court deny Citadel's motion alleging that Sutton breached the settlement agreement.

---

[5] Citadel, Travelers, and Sutton requested, and the District Court affirmed the $500,000.00 bond should be released and returned to Travelers, and $833,504.33 of the Interpled Funds shall be released and paid to Sutton. R. Doc. 85-1 at 3; R. Doc. 89 at 2.

Both counsel represented and agreed to the undersigned during the January 14, 2026, that $130,000.00 is due from the registry to satisfy the *Cotto* litigation pending in the Virgin Islands. R. Doc. 169. However, there also does not appear to have ever been a motion requesting that the Court authorize the disbursement of these funds to the attorneys in the Virgin Islands to satisfy this obligation. It is therefore recommended that the attorneys be required to submit a joint motion for the disbursement of $130,000 to the Trust Account of Michael Sheesley, at 1710 Kongens Gade, St. Thomas, VI 00802 in satisfaction of the settlement of the *Cotto* litigation.

Citadel next seeks to claim attorney's fees from the alleged breach, which as stated previously did not occur in the undersigned's opinion. R. Doc. 160-1 at 4. However, Citadel represented to the Court that it and Travelers settled their claims with Sutton and that Traveler and Citadel have no pending claims remaining in this matter. *See* R. Doc. 79 at 3. The representation of no remaining claims was made throughout the Pretrial Order submitted to the Court. *Id.* Likewise, Citadel's counsel signed off on the Pretrial Order submitted to the court. *Id.*

Assuming that Citadel was due attorneys' fees pursuant to the original complaint, it seems that the fee provision should have been made a part of the original settlement agreement which it was not. Yet, Citadel now seeks $148,626.00 or at most $178,825.00 in attorneys' fees for breach following the October 17, 2023, agreement. The Court finds that the claim of attorney's fees by Citadel if any was waived by the representations made by Citadel in the Pretrial Order. *See* R. Doc. 79.

Finally, Citadel claims that it is owed a credit for the Toliver and Baptiste settlements because they were both its subcontractors and under the settlement agreement and the contract Sutton owed defense and indemnity to Citadel. R. Doc. 160-1 at 4. The settlement agreement however does not contain an obligation by Sutton to indemnify Citadel. The only reference to an

indemnification obligation is by Citadel to Sutton should additional funds are needed to resolve the Dakota matters. *See* Settlement Transcript Page 3. Moreover, as stated previously, Citadel's representation to this Court in the Pretrial Order that it no longer had any remaining claims in the matter constitutes a waiver of any indemnity claim by Sutton to Citadel. R. Doc. 79; R. Doc. 154.

Regarding Citadel's claim for indemnification under the contract, the last notification of settlement was as to Sutton and Toliver but makes no reference to Citadel. R. Doc. 166. While Citadel now indicates in its reply that it expressed an intent to seek a motion to enforce settlement against TJ Sutton, that language is not contained in the Pretrial Order filed in the record. R. Doc. 154. Therefore, the Court recommends that the Court find that Citadel's claim for indemnification has been waived by the representation of its counsel in the Pretrial Order.

## IV. Conclusion

**IT IS RECOMMENDED** that CRSC, LLC formerly Citadel Recover Services, LLC's (Citadel) **Motion for Disbursal of Funds (R. Doc. 160)** be **DENIED IN PART AND GRANTED IN PART.**

**IT IS RECOMMENDED** that the attorneys be required to submit a joint motion for the disbursement of $130,000 to the Trust Account of Michael Sheesley, at 1710 Kongens Gade, St. Thomas, VI 00802 in satisfaction of the settlement of the *Cotto* litigation and **GRANTED TO THIS EXTENT ONLY**.

**IT IS RECOMMENDED THAT subject motion BE DENIED** in all other respects.[6]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from

---

[6] As a housekeeping matter, it appears that Mogrado Rentals LLC remains a named defendant who has not been served and nor has it made an appearance and should therefore be dismissed from the lawsuit.

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 6th day of March 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.